UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tiana Damon,

               Plaintiff,

           -against-

The City of New York; Elizabeth McNulty, in her individual capacity; Levon Holley, in his individual capacity; in her individual capacity; John Does 1 through 5, each in his individual capacity;

               Defendants.

ECF CASE

COMPLAINT AND DEMAND FOR JURY TRIAL

13 Civ. 3797 (LAK)

## PRELIMINARY STATEMENT

1.     This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

## JURISDICTION

2.     This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.     Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Southern District of New York.

**JURY DEMAND**

5.      The Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

**PARTIES**

6.      Plaintiff Tiana Damon is a resident of New York.  She is currently a file clerk for early intervention program.

7.      Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8.      The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court.  At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.  In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9.      At all relevant times herein, defendants Elizabeth McNulty, Levon Holley, John Does 1 through 5 (collectively, the "Individual Defendants") were police officers employed by the NYPD and each was acting in the capacity of agent, servant, and employee

-2-

of the City.

10.     At all times relevant herein, Elizabeth McNulty held the rank of Police Officer.

11.     At all times relevant herein, Levon Holley held the rank of Lieutenant.

12.     At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

13.     The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

14.     On July 21, 2012, plaintiff Tiana Damon was with several friends on their way to a grocery store on East 115th after spending the day at a "Family Day" at the Taft Houses, a New York City Housing Authority housing development in Harlem.

15.     She saw a large group of teenage girls arguing on the corner of East 115th Street and Madison Avenue.  Several police officers, including the Individual Defendants herein, started rushing through the crowd.

16.     Notwithstanding the fact that neither Ms. Damon nor her friends were involved

in any argument or fight, several of the officers surrounded Ms. Damon and pulled her down by her hair, actually pulling her hair out of her scalp. She was violently brought to the ground where she was handcuffed behind her back.

17.    Ms. Damon was forcibly picked up off the ground and placed against a parked car.  She was then placed in a police car and driven to a police precinct.

18.    Officer McNulty and Lieutenant Holley observed this assault and arrest taking place but, despite the opportunity to do so, did nothing to prevent either.

19.    Ms. Damon remained in police custody for nearly two days before she was arraigned on a Misdemeanor Complaint filed in the New York County Criminal Court, County of New York (the "Misdemeanor Complaint") and released on her own recognizance.

20.    The Misdemeanor Complaint was sworn out by Officer McNulty, who stated that she saw Ms. Damon and two other women, who were also arrested and with whom she was charged as co-defendants, "fighting with numerous other persons and yelling and screaming."  Officer McNulty further stated that she "ordered all defendants to leave the . . . location and that [they] refused to do so.  Defendants' conduct created a public disturbance/inconvenience in that it caused a crowd to gather and people to express alarm." Lastly, Officer McNulty stated that she "observed numerous other police officers placing each defendant under arrest for the offense described above and each defendant flailed defendants' [*sic*] arms and kicked defendants' [*sic*] legs."

21.    Neither Ms. Damon nor her friends fought with anyone, yelled or screamed.

They did not cause a public disturbance or inconvenience. Ms. Damon did not flail her arms or kick her legs.

22.    On September 19, 2012 the charges against Ms. Damon were adjourned in contemplation of dismissal and were ultimately dismissed on March 18, 2013.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C.§ 1983 Against the Individual Defendants

23.    All other paragraphs herein are incorporated by reference as though fully set forth.

24.    The aforementioned acts deprived Plaintiff of her rights, privileges and immunities guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

25.    The acts complained of were carried out by the Individual Defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

26.    The acts complained of were carried out by the Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City and the NYPD, all under the supervision of ranking officers of said department.

27.    The Individual Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the

-5-

United States.

28.     The Individual Defendants' conduct was the proximate cause of the injuries

and damages sustained by Plaintiff.

## SECOND CAUSE OF ACTION
### False Arrest under 42 U.S.C. § 1983
### Against the Individual Defendants

29.     All other paragraphs herein are incorporated by reference as though fully set

forth.

30.     By intentionally confining, arresting, imprisoning and detaining Plaintiff

without probable cause, privilege or consent, the Individual Defendants engaged under color

of law in the violation of her rights under the Fourth and Fourteenth Amendments to the

United States Constitution and 42 U.S.C. § 1983 to be free from unreasonable seizures, false

arrest and imprisonment.

## THIRD CAUSE OF ACTION
### Excessive Force under 42 U.S.C. § 1983
### Against the Individual Defendants

31.     All other paragraphs herein are incorporated by reference as though fully set

forth.

32.     By pulling at and pulling out Plaintiff's hair, by bringing her violently to the

ground and otherwise assaulting her during the course of her arrest, the Individual

Defendants engaged under color of law in the violation of his rights under the Fourth and

Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free

from excessive force.

## FOURTH CAUSE OF ACTION
### Malicious under 42 U.S.C. § 1983
### Against the Individual Defendants

33.    All other paragraphs herein are incorporated by reference as though fully set forth.

34.    By  instituting a criminal action against Plaintiff that was actuated by actual malice and lacking in probable cause the Individual Defendants engaged under color of law in the violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to be free from malicious prosecution.

## FIFTH CAUSE OF ACTION
### Failure to Intervene under 42 U.S.C. § 1983
### Against the Individual Defendants

35.    All other paragraphs herein are incorporated by reference as though fully set forth.

36.    Each of the Individual Defendants, including Officer McNulty and Lieutenant Holley, who were present and who did not participate in unconstitutional seizure or excessive force against Plaintiff had a duty to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights.

37.    These Individual Defendants failed to intervene on Plaintiff's behalf to prevent the violation of her constitutional rights despite having been in the position and the opportunity to do so.

38.     As a result of the aforementioned conduct of the defendant officers, Plaintiff's constitutional rights were violated and she was subjected to false arrest and excessive force.

**SIXTH CAUSE OF ACTION**
**42 U.S.C. § 1983 Against the City of New York**

39.     All other paragraphs herein are incorporated by reference as though fully set forth.

40.     Municipal liability for the violations of Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

41.     At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

42.     At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, Plaintiff requests that this Court:

1.     Assume jurisdiction over this matter;

2.     Award compensatory and punitive damages to Plaintiff against the defendants, jointly and severally;

3.      Award Plaintiff reasonable costs, disbursements and attorney's fees; and

4.      Grant any other relief the court deems appropriate.

Dated:  New York, New York
         May 30, 2013

                                        Respectfully submitted,

                                        Darius Wadia, L.L.C.


                                        /s/
                                        _____
                                        By:  Darius Wadia (Bar number DW8679)
                                        Attorney for Plaintiff
                                        233 Broadway, Suite 2208
                                        New York, New York  10279
                                        dwadia@wadialaw.com

-9-