UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TIANA DAMON,

       Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

       Defendants.

------------------------------------------------------------x

No. 13-cv-3797 (LAK) (JCF)

**ANSWER**

JURY TRIAL DEMANDED

    Defendants The City of New York, Elizabeth McNulty and Levon Holley, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the plaintiff's Complaint dated May 30, 2013 (the "Complaint") respectfully:

    1.  Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff has commenced an action as stated therein.

    2.  Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff has commenced an action as stated therein.

    3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

    4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

    5.  State that the allegations set forth in paragraph "5" of the Complaint are not averments of fact that require a response.

    6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City is a municipal corporation incorporated under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City maintains a police department, respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD, and state that the allegations regarding the City's and the NYPD's responsibilities are legal conclusions to which no response is required.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that McNulty and Holley are and were, on July 21 2012, employed by the City as police officers.

10. Admit the allegations set forth in paragraph "10" of the Complaint.

11. Admit the allegations set forth in paragraph "11" of the Complaint.

12. State that the allegations set forth in paragraph "12" of the Complaint are legal conclusions to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except and that plaintiff purports to proceed as stated therein.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as to what plaintiff saw.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff was handcuffed.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except

admit that plaintiff was transported to a police precinct.

  18. Deny the allegations set forth in paragraph "18" of the Complaint.

  19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit on information and belief that plaintiff was arraigned on a Misdemeanor Complaint and subsequently released on her own recognizance.

  20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that McNulty swore out the Misdemeanor Complaint and respectfully refer the Court and plaintiff to that document for its contents.

  21. Deny the allegations set forth in paragraph "21" of the Complaint.

  22. Admit on information and belief the allegations set forth in paragraph "22" of the Complaint.

  23. In response to the allegations set forth in paragraph "23" of the Complaint, defendants repeat the responses set forth in the previous paragraphs.

  24. Deny the allegations set forth in paragraph "24" of the Complaint.

  25. Deny the allegations set forth in paragraph "25" of the Complaint.

  26. Deny the allegations set forth in paragraph "26" of the Complaint.

  27. Deny the allegations set forth in paragraph "27" of the Complaint.

  28. Deny the allegations set forth in paragraph "28" of the Complaint.

  29. In response to the allegations set forth in paragraph "29" of the Complaint, defendants repeat the responses set forth in the previous paragraphs.

  30. Deny the allegations set forth in paragraph "30" of the Complaint.

  31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat the responses set forth in the previous paragraphs.

  32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat the responses set forth in the previous paragraphs.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. In response to the allegations set forth in paragraph "35" of the Complaint, defendants repeat the responses set forth in the previous paragraphs.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except state that the allegations regarding any duty are legal conclusions to which no response is required.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, defendants repeat the responses set forth in the previous paragraphs.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

43. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

44. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

45. Any injury alleged to have been sustained resulted from the plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the

proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

46. The plaintiff provoked or was at fault for any incident.

### FIFTH AFFIRMATIVE DEFENSE

47. Punitive damages cannot be assessed as against The City of New York.

### SIXTH AFFIRMATIVE DEFENSE

48. There was probable cause to arrest plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

49. Defendants McNulty and Holley did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are entitled to qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

50. The plaintiff failed to mitigate her alleged damages.

**WHEREFORE,** defendants The City of New York, Elizabeth McNulty and Levon Holley, demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         October 7, 2013

                                            Respectfully submitted,

                                            MICHAEL A. CARDOZO
                                            Corporation Counsel of the
                                            City of New York
                                            *Attorney for Defendants City of New York,*
                                            *Elizabeth McNulty and Levon Holley*
                                            100 Church Street, Room 3-155
                                            New York, New York  10007
                                            (212) 356-3539
                                            agarman@law.nyc.gov

                                        By: _____
                                                Ashley R. Garman